IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM H. RICHARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 4677 |
| v. ) | |
| ) | Hon. Judge Thomas M. Durkin |
| JOHN R. BALDWIN, Director of the Illinois ) | |
| Department of Corrections, RANDY ) | Hon. Mag. Judge Jeffrey Cole |
| PFISTER, Warden, and RICARDO TEJEDA, ) | |
| Assistant Warden, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT RANDY PFISTER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)6**

The Defendant Randy Pfister by and through his attorney, Lisa Madigan, Illinois Attorney General submits the following memorandum in support of their Motion for Dismissal under Federal Rule of Civil Procedure 12(b)(6):

**I.     Introduction**

Plaintiff William H. Richard, a prisoner at Dixon Correctional Center ("Dixon"), filed a *pro se* two-count complaint alleging deliberate indifference to the unconstitutional conditions of his confinement and violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act related to his time incarcerated at Stateville's Northern Reception and Classification Center ("NRC"). *See* Court's Merit Review, ECF No. 10 at 2-3. He found counsel and was given leave to file an Amended Complaint. The Amended Complaint names Randy Pfister ("Warden Pfister"), John Baldwin, and Ricardo Tejeda as defendants. Amended Complaint ("AC") at ¶¶ 6-8. Counts I and II are based on the ADA and Rehabilitation Act and are against Defendant

1

Baldwin only. Counts III and IV are Eighth Amendment claims for Denial of Adequate Medical Care and Conditions of Confinement. Counts III and IV appear to be against all Defendants. Plaintiff has not alleged personal involvement by Warden Pfister, thus Randy Pfister moves to dismiss Counts III and Counts IV against him.

## II. Background

Plaintiff arrived at NRC in June of 2015. "AC" at ¶ 12. Plaintiff's Amended Complaint lists a number of medical conditions that he has, including chronic obstructive pulmonary disease, emphysema, asthma, heart disease, and diabetes. AC at ¶ 9-11. Plaintiff uses compressed air at all times, a CPAP machine at night, and a wheelchair for ambulation. AC at ¶ 9, 11. Plaintiff alleges that he was denied 15 of the 22 medications prescribed to him prior to his entry into the Illinois Department of Corrections. AC at ¶ 22. He alleges that he was denied use of his CPAP machine while he was at NRC which disrupted his sleep and increased his risk of complications associated with his other medical conditions. AC at ¶ 23, 25. Plaintiff complains that the manner in which his oxygen was provided was unhygienic, specifically because the tubing ran along a dirty floor and because he was denied materials to properly sanitize the nasal portion of his oxygen tube. AC at ¶ 27-28.

Plaintiff also complains more broadly about the conditions of his confinement at NRC. He alleges that his cell at NRC was filthy, poorly ventilated, and contained vermin. AC at ¶ 15, 18. He states that he stayed inside his cell for 24 hours a day without access to a yard or dayroom. AC at ¶ 1, 14. Plaintiff complains of the heat in the summer and the cold in the winter while having only one sheet, a blanket, and a metal-framed bed. AC at ¶ 17-18. Plaintiff also alleges that his cell would flood from time to time and that he would have to remain in the flooded cell while the water drained out. AC at ¶ 19. As a result of these conditions, Plaintiff

alleges that he experienced both a persistent rash on his lower body and an exacerbation of his medical conditions. AC at ¶ 20-21.

Plaintiff alleges that Randy Pfister is the Warden of Stateville NRC and brings this claim against him in his individual capacity. AC at ¶7. His sole allegation against Pfister is that as of February 23, 2016, Pfister somehow knew that Plaintiff's medical needs were not being met. AC at ¶ 31. Plaintiff does not allege specifically what Warden Pfister knew or how he came to know this. *Id*. Plaintiff simply states that the Warden knew "the restrictive and isolating conditions at NRC are detrimental to any person's well-being, especially, those of a medically fragile individual like [Plaintiff]." *Id*. Yet, plaintiff does not state that he told Warden Pfister about these things, nor does Plaintiff allege that the conditions were systemic.

### III. Standard of Review.

The Court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), to determine whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The well-pleaded allegations in the complaint are taken as true, and all reasonable inferences from those allegations are construed in a light most favorable to the non-moving party. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The question presented in a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

### III.     Argument

Plaintiff's Eighth Amendment claims of denial of adequate medical care and conditions of confinement should be dismissed against Warden Pfister because Plaintiff fails to allege Warden Pfister's personal involvement in the alleged violations.

Liability under section 1983 requires a defendant's direct, personal involvement in the situation that causes injury to an inmate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "[T]o be liable under Section 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). Individual liability of a prison's warden cannot be based upon the theory of *Respondeat Superior. Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Additionally, for the purposes of a motion to dismiss, a warden cannot be assumed to be directly involved in the prison's day-to-day operations. *Steidl v. Gramley,* 151 F.3d 739, 741 (7th Cir. 1998) *citing, Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir.1981). In order to state a claim against a Warden, the Plaintiff must allege that the Warden was either personally involved in the violation of rights or must complain of systemic conditions that would generally be known to the Warden. *See Steidl* at 741.

Plaintiff's Amended Complaint does not allege systemic violations that would generally be known by the Warden. Here, Plaintiff's Complaint alleges that he was denied adequate medical care for his medical conditions and that because of his medical conditions, the environment at NRC was too restrictive and isolating. Plaintiff's vague allegation against Pfister lacks any basis for the Plaintiff's belief that the Warden knew of this specific inmate's plight and does not sufficiently allege personal involvement. "[A]n inference that a warden is directly involved in a prison's daily operations is not reasonable." *Steidl v. Gramley,* 151 F.3d 739, 742

(7th Cir. 1998)( finding that plaintiff's allegations that warden was responsible because he is ultimately responsible for the daily operations of the prison did not sufficiently allege personal involvement). Plaintiff's Amended Complaint should be dismissed as to Warden Pfister because Plaintiff has failed to allege that the Warden was personally involved in the alleged deprivation of Plaintiff's rights.

      WHEREFORE, for the reasons stated above, Defendant Randy Pfister respectfully requests that this Honorable Court enter an order dismissing him from this cause of action and for such other relief as the Court finds just and reasonable.

Respectfully submitted,

LISA MADIGAN  
Attorney General of Illinois

s/ *Stephanie A. Kevil*

Stephanie A. Kevil  
Assistant Attorney General  
General Law Bureau  
Office of the Illinois Attorney General  
100 W. Randolph St., 13th Fl.  
Chicago, Illinois 60601  
(312) 814-6534  
skevil@atg.state.il.us

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on September 14, 2018, she electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                                      */s/Stephanie A. Kevil*